IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNICE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-1564 |
| | ) |
| WEST PENN ALLEGHENY GENERAL HOSPITAL, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Pending is Defendant's, Allegheny General Hospital's ("AGH"),[1] Motion for Summary Judgment. (Docket No. 8). Plaintiff has filed a Response thereto. (Docket No. 11). AGH then filed a Reply Brief. (Docket No. 12). Based on my opinion set forth below, said Motion is granted.

### I. BACKGROUND

Plaintiff, Bernice Taylor, was born on March 6, 1953. *See,* Plaintiff's Depo., p. 7. Plaintiff was hired by AGH on November 8, 1971. Prior to her termination, Plaintiff had returned to work following a back injury resulting in a herniated disc.

---

[1]The Complaint incorrectly identifies Defendant as West Penn Allegheny General Hospital. *See,* Docket Nos. 1 and 8.

1

She was working under a 10 pound lifting restriction.  AGH terminated Plaintiff's employment on June 19, 2003.  At the time of her discharge, Plaintiff was fifty (50) years old and working as a unit secretary in AGH's Medical Ambulatory Care Clinic.

Plaintiff commenced this suit against Defendant asserting that she was fired by Defendant in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq. See,* Complaint.  Defendant has filed a Motion for Summary Judgment. (Docket No. 14).  Plaintiff has responded thereto.  (Docket No. 11).  The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. LEGAL STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion.  *International Raw*

*Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id*. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

B. **COUNT I: ADEA**

Plaintiff alleges that she was fired by AGH because of her age, in violation of the ADEA, 29 U.S.C. §621, *et seq. See,* Complaint, Count I. The ADEA provides, in relevant part that: "It shall be unlawful for an employer...to fail or refuse to hire or

to discharge any individual...because of such individual's age." 29 U.S.C.A. § 623(a)(1). The ADEA applies only to "individuals who are at least 40 years of age." 29 U.S.C.A. §631(a). There are two avenues for proving Plaintiff's ADEA claim: (1) direct evidence under a "mixed motives" theory of liability, *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989), or (2) circumstantial evidence of discrimination under a burden shifting theory of liability. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).[2] Both parties agree that this case is proceeding under the latter burden shifting theory of liability.

To prevail under the burden shifting analysis, Plaintiff must first establish a *prima facie* case of discrimination. To establish a *prima facie* case for age discrimination, a plaintiff must prove: (1) that she is a member of a protected class (i.e. over 40), (2) that she was qualified for her position, (3) that she suffered an adverse employment action, and (4) that the position was ultimately filled by someone substantially younger than the plaintiff to permit an inference of age discrimination. *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312-13 (1996); *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994), *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Pivirotto v. Innovative Systems, Inc.,* 191 F.3d 344, 353 (3d Cir. 1999). If the Plaintiff is successful in establishing a *prima facie* case,

---

[2]"In the context of employment discrimination, the ADEA and Title VII all serve the same purpose-to prohibit discrimination in employment against certain classes." *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157 (3d Cir.1995); *see, Kelly v. Drexel University,* 94 F.3d 102, 105 (3d Cir.1996); *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 752 n. 3 (3d Cir.1983) (Title VII and the ADEA are construed similarly); *Walton v. Mental Health Ass'n of Southeastern Pennsylvania,* 168 F.3d 661, 666 (3d Cir.1999). Therefore, it follows that the methods and manner of proof under one statute should inform the standards under the others as well. *Newman,* 60 F.3d at 157. Accordingly, Title VII and ADEA caselaw is applied interchangeably. *Newman,* 60 F.3d at 157; *Walton,* 168 F.3d at 666. As a result, Title VII case law analyses are relevant to my determination of Plaintiff's ADEA claim.

the burden of production shifts to Defendant to articulate a legitimate, nondiscriminatory reason for failing to hire him.  If Defendants meet this minimal burden, then Plaintiff must prove, by a preponderance of the evidence, that the articulated reason was mere pretext for discrimination. *Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1108 (3d Cir. 1997).  Throughout this analysis, however, the burden of proving intentional discrimination rests with Plaintiff. *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994).  In other words, the burden of persuasion does not shift. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 509 (1993).

Defendant argues that summary judgment is appropriate because Plaintiff cannot establish the fourth element of a *prima facie* case for age discrimination. *See,* Defendant's Brief in Support, p. 6.  In opposition to the Motion for Summary Judgment, Plaintiff, without citation to any case law, merely states "Plaintiff specifically identifies similarly situated employees, under the age of 40 that continually breached confidentiality out in the open of the waiting area under Joan Crawford's direct supervision who did not receive discipline from Crawford."[3] Docket No. 11, p. 4.  The treatment of "similarly situated employees," however, applies in the context of a reduction in force ADEA case, which is not the case here. *See, Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249-50 (3d Cir. 2002).  The element that Plaintiff must establish in a termination case is that the position was ultimately filled by someone substantially younger than the plaintiff to permit an inference of

---

[3]Contrary to Plaintiff's assertion, I note that there is no evidence of record regarding the ages of the individuals identified by Plaintiff. *See, Word v. Potter,* No. 04-3892, 2005 WL 2277382 (3d Cir. Sept. 20, 2005), *quoting Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293, 1295 (7th Cir. 1993) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.")

age discrimination. *O'Connor,* 517 U.S. at 312-13. In this case, Plaintiff did not engage in any discovery. As a result, there is no evidence regarding Plaintiff's replacement, let alone her replacement's age. Without such evidence, Plaintiff has failed to meet the fourth prong of her *prima facie* case. Consequently, summary judgment in favor of AGH regarding Plaintiff's ADEA claim (Count I) is warranted.

C. **COUNT II: ADA**

Count II of Plaintiff's Complaint appears to assert a cause of action for violation of the ADA. *See,* Complaint. "Congress enacted the ADA in 1990 as an effort to prevent otherwise qualified individuals from being discriminated against in employment based on a disability." *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 579 (3d Cir. 1998); 29 C.F.R. §1630. Pursuant to the ADA, an employer is prohibited from discriminating "against a qualified individual with a disability because of the disability of such individual with regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination encompasses not only "adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville School District*, 184 F.3d 296, 306 (3d Cir. 1999). The ADA states that an employer discriminates against an employee when he "does not mak[e] reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation

6

would impose an undue hardship...." 42 U.S.C. § 12112(b)(5)(A).

### 1. *Prima facie* **case under the ADA**

In light of the standards imposed by the ADA, it is well-settled that for a plaintiff to establish a *prima facie* case of discrimination under the ADA, she must show:

> 1. She is a disabled person within the meaning of the ADA;
>
> 2. She is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation by the employer; and
>
> 3. She has suffered an otherwise adverse employment decision as a result of discrimination.

*Gaul,* 134 F.3d at 580, *citing Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996); *Shaner v. Synthes (USA),* 204 F.3d 494, 500 (3d Cir. 2000); *Deane v. Pocono Medical Center*, 142 F.3d 138, 142 (3d Cir. 1998). The failure to establish even one of the elements of the *prima facie* case is grounds for summary judgment. *See, Gaul*, 134 F.3d at 580.

### a. **Disabled within the meaning of the ADA**

The first element Plaintiff must prove is that she is disabled within the meaning of the ADA. A person is disabled within the meaning of the ADA if she:

> (A) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) has a record of such an impairment; or
>
> (C) is regarded as having such an impairment.

*See*, 42 U.S.C. §12102(2). If there is a genuine issue whether Plaintiff meets any of the above definitions for disabled persons, summary judgment is not appropriate. If,

on the other hand, Plaintiff fails to meet any of the definitions, Plaintiff is not covered by the ADA and summary judgment will be appropriate. *Id.*

In Defendant's Motion for Summary Judgment, Defendant argues that Plaintiff cannot meet any definition of a disabled person. In opposition, Plaintiff focuses only on meeting the first definition: having a physical impairment that substantially limits one or more of her major life activities. *See*, Plaintiff's Brief, p. 5-6. Consequently, if I find that Plaintiff does not meet the first definition of a disabled person under the ADA, then summary judgment is appropriate.

> 1) <u>Physical or mental impairment that substantially limits one or more of the major life activities</u>

The first definition of disabled provides that an individual will be considered disabled within the meaning of the ADA if she has a physical or mental impairment that substantially limits one or more of her major life activities. See, 42 U.S.C. §12102(2)(A). Sole reliance on a physical or mental impairment to establish a disability, however, is insufficient. Id.; 29 C.F.R. §1630.2(h). As the statute provides, to constitute a disability under the ADA, the impairment must "substantially limit" one or more of an individual's "major life activities." Id. "Major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2(i); *Bragdon v. Abbott*, 524 U.S. 624, 638-39 (1998). Thus, Plaintiff cannot rely on the fact that she was physically injured to qualify as a disabled person under the ADA. There must be credible evidence that a major life activity, as listed above, was substantially limited by her injury. Furthermore, there must be evidence that the major life activity was

"substantially limited." See, 42 U.S.C. §12102(2)(A). An activity is "substantially limited" if the party is:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. §1630.2(j)(1); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996). "The following factors should be considered in determining whether an individual is substantially limited in a major life activity: (i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).

Plaintiff's alleged impairment is a herniated disc. *See,* Complaint, ¶43. Plaintiff asserts in her Brief that she is substantially limited in the major life activities of sleeping, caring for herself, and working. *See,* Brief in Opposition, p. 5.

   a) <u>Sleeping</u>

Plaintiff merely asserts, without citation to anything other than her affidavit, that due to her herniated disc she has "sleepless nights, pain and back spasms while sleeping." *See,* Brief in Opposition, p. 5. She has provided no other evidence to support her allegation that she is substantially limited in the major life activity of sleeping. There is no indication that Plaintiff's sleep disruption is severe, long term, or has a permanent impact. *Taylor*, 177 F.3d at 185; 29 C.F.R. § 1630.2(j)(2). Thus, based

on the lack of evidence, I find that there is no genuine issue of fact that Plaintiff's major life activity of sleeping was not substantially limiting under the ADA.

b) Caring for herself

In support of her allegation that her ability to care for herself is substantially limited, Plaintiff makes a single conclusory reference that her "back spasms from her herniated disc impair her ability to care for herself...." Simply put, there is absolutely no evidence to support her allegation that she is substantially limited in the major life activity of caring for herself. There is no indication that Plaintiff's ability to care for herself is severe, long term, or has a permanent impact. *Taylor,* 177 F.3d at 185; 29 C.F.R. § 1630.2(j)(2). Thus, based on the lack of evidence, I find that there is no genuine issue of fact that Plaintiff's major life activity of caring for herself was not substantially limiting under the ADA.

c) Working[4]

"Substantially limited" in the sense of working means, at a minimum, that Plaintiff is "unable to work in a broad class of jobs." *Sutton,* 527 U.S. at 491; *see also, Tice v. Centre Area Trans. Auth.*, 2001 WL 410103, No. 00-1753, *5 (3d Cir. April 23, 2001); 20 C.F.R. 1630.2(j)(3)(i). In other words, "[t]o be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job choice." *Sutton,* 527 U.S. at 492; *see also Deane v. Pocono Med. Ctr.,* 142 F.3d 138, 144 n. 7 (3d Cir. 1998). The Supreme

---

[4] I note that Plaintiff's Complaint does not assert that she is limited in the major life activity of working. *See,* Complaint. Nonetheless, it is raised in her Brief, so, I will consider it.

Court further stated that, "[i]f jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs." *Sutton,* 527 U.S. at 492. The factors to consider in determining whether an individual is substantially limited in the major life activity of working include: the geographical area; the number and types of jobs utilizing similar training, knowledge, skills or abilities, from which the individual is also disqualified." *Id., citing,* 29 C.F.R. §§1630.2(j)(3)(ii)(A), (B).

In this case, Plaintiff does not discuss, argue, or mention in any fashion her preclusion from a substantial class of jobs. This is fatal to her claim.

Plaintiff's only argument is that she is substantially limited in her ability to work because of restriction from her doctor of not being able to push, pull and lift over 10 pounds. *See,* Brief in Opposition, p. 5. The Third Circuit has held, however, that a 10 pound lifting restriction does not render a person "sufficiently different from the general population such that he is substantially limited in his ability to lift." *See, Marinelli v. City of Erie, Pennsylvania,* 216 F.3d 354, 363-64 (3d Cir. 2000) and cases cited therein. Thus, Plaintiff's 10 pound lifting restriction argument lacks merit.

In sum, viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to establish that there is a genuine issue as to whether she meets the definition of a disabled person under the ADA. Consequently, summary judgment in favor of Defendant as to Plaintiff's ADA claim (Count II) is appropriate.

*************************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNICE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  04-1564 |
| | ) |
| WEST PENN ALLEGHENY GENERAL HOSPITAL, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

**AND NOW,** this **21st** day of November, 2005, after careful consideration of Defendant's Motion for Summary Judgment (Docket No. 8) and the submissions of the parties, it is ordered said Motion (Docket No. 8) is granted. Judgment is entered in favor of Defendant and against Plaintiff. This case is to be marked closed.

BY THE COURT:


/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge